## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement and Release Agreement ("Agreement") is made and entered into by and between Calvin Taylor ("Taylor") and East Side Jersey Dairy, Inc. ("ESJD"). In consideration of the following promises, the parties agree to the following:

A. The parties desire to resolve all matters arising out of Taylor's employment with ESJD;

B. Taylor has asserted a Fair Labor Standards Act ("FLSA") claim against ESJD, which he brought in a purported collective action filed on September 22, 2009, denominated CALVIN TAYLOR, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED INDIVIDUALS v. EAST SIDE JERSEY DAIRY, INC., Cause No. 3:09-cv-573 HTW-LRA, filed in the United States District Court for the Southern District of Mississippi (the "Action");

C. ESJD denies and disputes the allegations and claims contained in the Action; and

D. The parties desire to settle and resolve the Action and all other disputes and claims which have been or could have been asserted between them.

THEREFORE, for and in consideration of the mutual releases, covenants and undertakings hereinafter set forth, and for other good and valuable consideration, which each party acknowledges, it is agreed as follows:

1. <u>Similarly Situated Employees</u>. Taylor never sought or obtained certification of the collective action and thus never represented any other



EXHIBIT A

PD.3879295.3   Initials *C.T.*   Initials_____

similarly situated employees of ESJD. This Agreement, therefore, has no legal effect on the rights or obligations of any individual other than those who are a party to this Agreement.

2. <u>Bona Fide Dispute</u>. Taylor and ESJD agree that a bona fide dispute exists over the FLSA provisions involved in this Action and that this Agreement is a fair and reasonable resolution of that dispute.

3. <u>Payment</u>. Within fifteen (15) business days following Court approval of this Agreement, ESJD agrees to pay Taylor Twenty-Five Hundred Dollars and Zero Cents ($2,500.00) for settlement of all claims that Taylor sought or could have sought against ESJD.

4. <u>Withdrawal and Dismissal</u>. In exchange for the receipt of the payment provided to Taylor pursuant to the terms of this Agreement, Taylor agrees to withdraw the aforementioned Action and agree to a stipulated dismissal with prejudice of the aforementioned Action in the Federal District Court of the Southern District of Mississippi.

5. <u>Taxes</u>. Each payor of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he or she is legally responsible to pay as a result of this Agreement.

6. <u>Re-employment</u>. Taylor waives any right or claim to reinstatement as an employee of ESJD and agrees that he will not knowingly seek or accept employment in the future with ESJD or with any of ESJD's parents,

subsidiaries or affiliated corporations, divisions or partnerships, or with any successor or assign. If, through mistake or inadvertence or otherwise, Taylor applies for employment with any of the aforementioned entities, then he shall withdraw his application immediately upon notice without any recourse, legal or otherwise, and to the extent that Taylor has already been hired, he will resign immediately upon notice without any recourse, legal or otherwise.

7. <u>Costs and Fees</u>.  Except as specified herein, each party will bear its respective costs and fees, including attorneys' fees incurred in the litigation of this matter.

8. <u>Release of Claims</u>.  Taylor and ESJD hereby mutually release and forever discharge each other and each of their affiliates, subsidiaries, parent corporations and their respective agents, present and former directors, officers, executives, employees, predecessors and/or successors in interest, attorneys, heirs and assigns, from any and all matters, claims, complaints, charges, demands, damages, causes of action, debts, liabilities, controversies, judgments and suits of every kind and nature whatsoever, as of the date of Court approval of this Agreement, foreseen or unforeseen, known or unknown, including but not limited to, those arising out of Taylor's employment with ESJD and the termination of such employment. The claims, complaints and actions released include, but are not limited to, any claims for attorneys' fees or claims of violations arising under the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., the Age

Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq., the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., the False Claims Act, 31 U.S.C. § 3729 et seq., the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., or any other relevant federal, state or local statute or ordinance, or arising under common law, including but not limited to torts, contracts or public policy claims.

9. <u>Suit for Enforcement</u>. If either party violates this Agreement by suing the other party for any reason which suit is precluded by this Agreement, the suing party agrees to pay all costs and expenses incurred by the nonsuing party in defending such a lawsuit, including reasonable attorneys' fees.

10. <u>Mutual Non-Admission</u>. Taylor and ESJD agree that nothing herein shall be construed as an admission by either party of any wrongdoing or violation of any applicable law, and that nothing in this Agreement shall be so construed by any other person.

11. <u>Mutual Confidentiality</u>. The dollar amount of this Agreement may not be disclosed to any person or entity except that Taylor and ESJD may disclose the dollar amount of this Agreement:

   i. To their respective attorneys, to their respective tax advisors, to agents of governmental taxing authorities acting in their official

|     |     |
| --- | --- |
|     | capacities, to agents of governmental equal-employment, fair-employment, human-rights, or human-relations agencies acting in their official capacities, or pursuant to lawful subpoena, as may otherwise be required by law; |
| ii. | To defend the attorneys for either party against claims for professional negligence, malpractice or misconduct; |
| iii. | With express, written permission of the other party; |
| iv. | ESJD may disclose the dollar amount of this Agreement to its board members, officers, agents, and employees; and |
| v. | Taylor may disclose the dollar amount of this Agreement to his immediate family and to anybody the law recognizes as "confidential" or "fiduciary." It shall not be a breach of this Paragraph or of this Agreement for either party to state that "the case has been settled to the mutual satisfaction of both parties" (or a substantially similar comment) or to disclose or refer to anything that is public record. Nothing in this Paragraph or in this Agreement is intended or shall be construed to impede the right or the duty of the parties to file taxes honestly, to report income honestly, to testify truthfully under oath, or to cooperate with any governmental investigation. |

12. <u>Mutual Non-Disparagement</u>.  The parties agree that neither will engage in any conduct or communications designed to disparage the other.

13. <u>Choice of Law</u>.  The parties agree that this Agreement shall be governed by and construed in accordance with the laws of the State of Mississippi and federal law, where applicable.  Since this Agreement resolves claims made under federal law, and such claims were brought in the United States District Court for the Southern District of Mississippi, Jackson Division, the parties stipulate to the United States District Court for the Southern District of Mississippi, Jackson Division's continuing jurisdiction to decide any dispute concerning violation of its terms.

14. <u>Entire Agreement and Severability</u>.  The parties agree that this Agreement may not be modified, altered, amended, or otherwise changed except upon written consent by each of the parties hereto.  Should any provision of this Agreement be held invalid or unenforceable by a court of competent jurisdiction, the parties agree that the remaining provisions shall remain in full force and effect.

15. <u>Miscellaneous</u>.  The parties acknowledge that before signing this Agreement, they have read it, have had the benefit of counsel, and advice from their own attorneys, and fully understand its terms, content, and effect.  The parties further acknowledge that this Agreement constitutes the entire agreement among the parties, and there are no other understanding or agreements, written or oral, among them on the subject.

Separate copies of this document shall constitute original documents, which may be signed separately but which together shall constitute a single agreement. This Agreement will not be binding on any party until signed by all parties or their representatives. This Agreement shall be effective as of the date approved by the Federal District Court for the Southern District of Mississippi.

PLAINTIFF:

I HAVE READ THIS AGREEMENT AND, UNDERSTANDING ALL OF ITS TERMS, I SIGN IT AS MY FREE ACT AND DEED.

Date 12-3-09   Signature _Calvin Taylor_
Calvin Taylor, Plaintiff

Date 12-4-09   Signature _Louis H. Watson Jr._
Louis H. Watson, Attorney for Plaintiff

State of Mississippi
County of Hinds

On this 3 day of December in the year 2009, before me, the undersigned notary public, personally appeared at LHW, Jr. Office, known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained. In witness whereof, I hereunto set my hand and official seal.

_____
Notary Public

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC ID # 91478 APRIL A. DAYTON Commission Expires Oct. 26, 2012 MADISON COUNTY]

- 7 -

PD.3879295.3   Initials _CT_   Initials _____

- 8 -

DEFENDANT:

      I HAVE READ THIS AGREEMENT AND, UNDERSTANDING ALL OF ITS TERMS, I SIGN IT AS MY FREE ACT AND DEED.

Date _12-8-09_       Signature _____

                        W. Thomas Siler, Jr., Attorney for Defendant